**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RASHAD W. WALSTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-03776 |
| BLITT & GAINES, P.C., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes RASHAD W. WALSTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLITT & GAINES, P.C. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a 39 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Chicago, Illinois, which lies within the Northern District of Illinois.

5. Defendant is a debt collection law firm that specializes in the collection of debts owed to third parties. Defendant is a professional corporation organized under the laws of the state of Illinois with its principal place of business located at 661 Glenn Avenue, Wheeling, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon several outstanding consumer debts ("subject debt") said to be owed by Plaintiff.

9. The subject debts each stem from various past due payments Plaintiff is said to owe on certain accounts he had with Capital One Bank (USA), N.A ("Capitol One").

10. On or about October 12, 2017, Defendant sent Plaintiff a "dunning" letter in order to collect upon one of the subject debts.

11. This dunning letter contains the greeting: "Dear Sir or Madam."

12. The dunning letter's salutation reads "Very truly yours, Kyle Sellett Attorney at Law."

13. As such, this first dunning letter represented that it was sent by Mr. Sellett after he had engaged in a meaningful review of Plaintiff's account prior to sending the letter.

14. Thereafter, on or about October 16, 2017, Plaintiff received an identical "dunning" letter to collect upon another one of the subject debts, including the representation that this letter was from and was reviewed by attorney Kyle Sellett.

15. On or about December 7, 2017, Plaintiff again received a nearly identical dunning letter from Defendant seeking to collect on yet another of the subject debts.

16. This letter was the exact same as the two preceding letters except that it was represented as being sent by attorney Kristine George.

17. The next day, on or about December 8, 2017, Plaintiff again received a letter from Defendant seeking to collect upon another of the subject debts.

18. Again, this letter was the same as all of the aforementioned letters, except that it was represented as being sent by attorney Margaret Kostyra.

19. Given the clear similarities between the letters Plaintiff received, the letters are clearly formulaic in nature.

20. The only differences between the letters are the information regarding the specific account the letter was referencing, as well as the name of the attorney purportedly sending the letter.

21. As such, Defendant would need only engage in a simple cut and paste exercise in order to appropriate these formulaic letters to other original creditors, accounts, or purported debtors.

22. Further, all of the letters serving as the basis of the instant complaint are related to accounts Plaintiff originally had with Capital One, which is one of the largest banks and credit card issuers in the United States.

23. As one the largest banks and credit card issuers in the United States, it stands to reason that it has a proportionally large number of accounts that are subjected to collection activities by third party debt collectors.

24. Because Capital One clearly works with Defendant on a regular basis, it follows that Defendant is sending a large number of collection letters to consumers on a daily basis, especially when considering the clearly formulaic nature of Defendant's letters.

25. Upon information and belief and in consideration of the above stated facts, the attorneys purportedly sending the collection letters to Plaintiff send out hundreds of such collection letters per day without engaging in a meaningful review of the underlying accounts prior to determining whether to send the collection letters.

26. The lack of meaningful review in the collection letters sent by Defendant is further evinced upon considering and reviewing the nature of dozens of complaints that have been filed against Defendant in federal courts throughout the country, as well as with the Consumer Financial Protection Bureau.[1]

27. These complaints elucidate a problematic course of conduct (e.g., attempting to collect upon an incorrect consumer, attempting to collect an incorrect amount, attempting to collect money exempt from collection, failing to provide sufficient information regarding the underlying debt, threatening to sue for time-barred debts, etc. etc.) which seemingly would or could have been avoided had Defendant's attorneys meaningfully reviewed a consumer's file prior to initiating collection activity.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

---

[1] *See* https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=&size=25&sort=created_date_desc

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending collection letters to Plaintiff suggesting that such letters were from, and reviewed by, an attorney. Upon information and belief, the attorneys that sign the collection letters issued to Plaintiff send hundreds of collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. Sending form collection letters said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

WHEREFORE, Plaintiff, RASHAD W. WALSTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Statutory damages under 15 U.S.C. § 1692k(a);

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: May 30, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois           Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com